UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-02404-HEA |
| ) | |
| CUZZINS I, LLC, a limited liability ) | |
| company d/b/a CUZZINS SPORTS ) | |
| BAR & GRILL, and TIMOTHY D. ) | |
| WILES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants Cuzzins I, LLC, d/b/a Cuzzins Sports Bar & Grill (Cuzzins), and Timothy D. Wiles move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiff Joe Hand Promotions, Inc. (Joe Hand), for failure to state a claim for the following reasons.

1. Joe Hand filed a three-count Complaint against Defendants for violation of The Federal Communications Act of 1934 (FCA), 47 U.S.C. § 605 (Count I), violation of The Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 (Count II), and conversion (Count III), concerning the alleged illegal showing of a mixed martial arts fight card.

2. Joe Hand failed to state a claim against Mr. Wiles in Counts I and II, because it has not pleaded enough facts to state a plausible claim that no distinction exists between Mr. Wiles's actions and those of Cuzzins.

3. As noted by other courts in cases filed by Joe Hand, merely pleading that an individual "is an owner, and/or operator, and/or licensee, and/or permittee, and/or

person in charge, and/or an individual with dominion, oversight and management of the commercial establishment" is not enough.

4.     Joe Hand failed to state a claim against both Defendants in Count I for violation of Section 605, because Joe Hand has not alleged that the event in question was transmitted interstate.

5.     Joe Hand failed to state a claim against both Defendants in Counts I and II, because it failed to allege sufficient detail to give Defendants fair notice of what the claims are and the grounds upon which they rest.

6.     Joe Hand failed to state a claim against both Defendants in Count III, because Joe Hand does not, and cannot, allege that Defendants deprived it of possession of "the Program," and Defendants' research has revealed no Missouri cases extending the common law tort of conversion to cover intangible property.

7.     In the event this Court dismisses Counts I and II or simply prefers not to reach a novel Missouri state-law issue, Defendants request that this Court decline to exercise supplemental jurisdiction over the conversion claim.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint in its entirety and grant Defendants any additional relief deemed just or proper.

        Respectfully submitted,

        SCHULTZ & ASSOCIATES LLP


By: /s/ Ronald J. Eisenberg
    Ronald J. Eisenberg, #48674MO
    640 Cepi Drive, Suite A
    Chesterfield, MO  63005
    636-537-4645
    Fax:  636-537-2599
    reisenberg@sl-lawyers.com
    rschultz@sl-lawyers.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 21, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Vincent D. Vogler
    Michael A. Kasperek
    THE VOGLER LAW FIRM, P.C.
    Two City Place Dr., Ste. 150
    P.O. Box 419037
    St. Louis, MO 63141-9037
    314-567-7970
    Fax: 314-567-5053
    voglaw@earthlink.net
    mkvoglaw@earthlink.net

*Attorneys for Plaintiff*

        /s/ Ronald J. Eisenberg