# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-02404-HEA |
| ) | |
| CUZZINS I, LLC, a limited liability ) | |
| company d/b/a CUZZINS SPORTS ) | |
| BAR & GRILL, and TIMOTHY D. ) | |
| WILES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Cuzzins I, LLC, d/b/a Cuzzins Sports Bar & Grill (Cuzzins), and Timothy D. Wiles state the following in support of Defendants' Motion to Dismiss for Failure to State a Claim.

### FACTS

Plaintiff Joe Hand Promotions, Inc., filed a three-count Complaint against Defendants for violation of The Federal Communications Act of 1934 (FCA), 47 U.S.C. § 605 (Count I), violation of The Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 (Count II), and conversion (Count III) concerning the alleged illegal showing of a mixed martial arts fight card, *Ultimate Fighting Championship 123: Rampage Jackson v. Lyoto Machida*, on November 20, 2010. (Doc. 1.) Section 605 prohibits certain acts related to the interception of cable television programming as it travels through the air. *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996). Section 553 prohibits certain acts related to the interception of cable

television programming traveling over a cable network (and specifically, the manufacture and distribution of decoder boxes). *Norris*, 88 F.3d at 468. Conversion is a common-law tort. *See Columbia Mut. Ins. Co. v. Long*, 258 S.W.3d 469, 476 (Mo. Ct. App. W.D. 2008).

Each count purports to incorporate by reference all prior allegations of in the Complaint, and each count is asserted not only against the Cuzzins bar-and-grill business, but also against Mr. Wiles, individually, and none of the accounts are brought in the alternative to one another. Joe Hand alleges the following:

- "Plaintiff is informed and believes" that Mr. Wiles "is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, oversight and management of the commercial establishment doing business as Cuzzins I, LLC" (Doc. 1 ¶ 7);
- "Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge, and exhibit the Program at the time of its transmission at their Farmington, Missouri location" (*id.* ¶ 12); and
- such action "was done willfully and for purposes of direct or indirect commercial advantage or private gain" (*id.*).

### LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must meet Rule 8(a)'s pleading requirement by alleging "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Cox v. Mortgage Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012). "While legal conclusions can provide the framework of a complaint, they must be supported by *factual*

*allegations*" to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 679 (emphasis added). These "[f]actual allegations must be enough to raise a right to relief above the speculative level" and present more "than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### A. Count I and II should be dismissed against Mr. Wiles for failure to plead facts showing no distinction exists between Mr. Wiles's actions and those of Cuzzins.

Joe Hand fails to state a claim against Mr. Wiles in Counts I and II, because it has not pleaded enough facts to state a plausible claim that no distinction exists between Mr. Wiles's actions and those of Cuzzins. In fact, he has not pleaded *any* facts concerning a lack of distinction between Mr. Wiles's actions and those of Cuzzins. As noted above, the sole paragraph in the Complaint specifically mentioning Mr. Wiles states, "Plaintiff is informed and believes" that Mr. Wiles "is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, oversight and management of the commercial establishment doing business as Cuzzins I, LLC." (Doc. 1 ¶ 7.) The other allegations are that "Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge, and exhibit the Program at the time of its transmission at their Farmington, Missouri location . . . willfully and for purposes of direct or indirect commercial advantage or private gain." (*Id.* ¶ 12).

The following decision—directly on point and involving allegations nearly verbatim to those against Mr. Wiles—was issued in one of the myriad of similar cases in which Plaintiff has sued small business owners, conclusorily and without even alleging that they were present at their establishments.

> Turning to the present case, Joe Hand alleges, without distinguishing between the individual defendants and Maryland Food, that **"[d]efendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program" and that the violation "by each of the Defendants [was] done willfully and for purposes of direct or indirect commercial advantage or private financial gain."** . . . As in [*J & J Sports Productions, Inc. v.*] *MayrealII*[*, LLC*, 849 F. Supp. 2d 586, 591 (D. Md. 2012),] and [*J & J Sports Productions, Inc. v.*] *Maryland Food* [*& Entm't, LLC*, No. ELH-11-3344, 2012 U.S. Dist. LEXIS 152902, 2012 WL 5289790, *5 (D. Md. Oct. 24, 2012)], the complaint makes no allegation that the individual defendants were present at Courtside when the Program was shown, that they personally authorized the Program's interception and display, or that they authorized advertisements for the display of the Program or the imposition of a cover charge to profit from the display. The only specific factual allegations made with respect to the individual defendants are that all three are named on Maryland Food's liquor license and that Ms. Brown is Maryland Food's resident agent. . . . Joe Hand also alleges conclusorily and upon information and belief that all three are "officer[s], director[s], shareholder[s], employee[s], agent[s], and/or other representative[s]" of Maryland Food. I agree with the decision in *MayrealII* that such minimal allegations of individual liability do not satisfy the pleading standard articulated in *Iqbal* and *Twombly*. Accordingly, Counts I and II against the individual defendants will be dismissed without prejudice.

*Joe Hand Promotions, Inc. v. Maryland Food & Entm't, LLC*, No. CCB-11-3272, 2012 U.S. Dist. LEXIS 165376, at **9-10 (D. Md. Nov. 19, 2012) (emphasis added).

In addition, the limited, conclusory, allegations against Mr. Wiles are less than those made by Joe Hand against another bar and its owner in *Joe Hand Promotions, Inc. v. Sharp*, Civ. No. 11-559 (RHK/FLN), 2012 U.S. Dist. LEXIS 113812 (D. Minn. Aug. 14, 2012). In *Sharp*, the bar owner was the sole shareholder of the company. Joe Hand has not alleged that Mr. Stiles is the sole member of Cuzzins. In *Sharp*, the district court granted the bar owner's motion for judgment on the pleadings or, in the alternative, for summary judgment as to Joe Hand's claims in Counts I and II against the bar owner for violating Sections 605 and 553, respectively.

4

In *Shar*p, Joe Hand urged the court to apply the "'benefit and control'" standard for individual liability under the FCA, whereas in the instant case, Joe Hand has alleged that Defendants acted "for purposes of direct or indirect commercial advantage or private financial gain" (*id.* ¶ 12) and that Mr. Wiles was, among other things—or in the alternative to other things—a "person in charge" (*id.* ¶ 7). *Sharp*, 2012 U.S. Dist. LEXIS 113812, at **6-7. After discussing in detail *Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938 (8th Cir. 2007), the district court explained that the Eighth Circuit Court of Appeal has articulated its own standard: "to impose individual liability under the FCA, a plaintiff must show that there exists 'no distinction' between the individual's actions and that of his corporation." *Sharp*, 2012 U.S. Dist. LEXIS 113812, at **8-10 (citing *Comcast*, 491 F.3d at 947). The district court then concluded,

> Joe Hand has not satisfied this standard here. At most, it has demonstrated that Sharp was the sole proprietor and shareholder of Sharp Properties. But it has not created – indeed, it has not even attempted to show, either before Judge Noel or in connection with the instant Objections – a genuine issue that "no distinction" exists between Sharp's actions and that of his corporation. In *Comcast*, evidence in the record showed far more regarding the individual's involvement in the unlawful conduct. 491 F.3d at 947 (noting from deposition testimony that individual defendant "knew of the uses and features of the cable boxes [that the company] sold" and "was involved in setting company policy"). Here, by contrast, Joe Hand asks the Court to find Sharp personally liable based simply on the fact that he is the sole shareholder of Sharp Properties. *Comcast* requires more.

*Id.* at *10.

In *Sharp*, the court did not articulate whether it was granting judgment on the pleadings or summary judgment, as the subject motion invoked both remedies; however, in the instant action, because Joe Hand has not pleaded any facts, much less "enough facts to state a plausible claim," *Twombly*, 550 U.S. at 570, that "no distinction" exists between Mr. Wiles's actions and those of Cuzzins, Joe Hand has failed to state a claim

5

against Mr. Wiles. *See Sharp*, 2012 U.S. Dist. LEXIS 113812, at *10; *see also Maryland Food & Entm't, LLC*, 2012 U.S. Dist. LEXIS 165376, at **9-10.

  **B. Count I should be dismissed for failure to allege an interstate-commerce violation.**

Joe Hand fails to state a claim against both Defendants in Count I for violation of Section 605, because Joe Hand has not alleged that the event in question was transmitted interstate. *See* 47 U.S.C. § 605(a) (interstate-commerce requirement); *Joe Hand Promotions, Inc. v. Sorota*, No. 11-80985-CIV-MARRA, 2012 U.S. Dist. LEXIS 88462, at **12-13 (S.D. Fla. June 26, 2012) (rejecting Joe Hand's notion that highly publicized nature of event exempted it from normal pleading requirements, noting that "Section 605(a) explicitly states that it governs only interstate communications and the Complaint fails to allege that the event took place in a different state from where it was shown," and dismissing claim).

  **C. Counts I and II should be dismissed as to both Defendants for failure to provide sufficient notice of the grounds upon which such claims rest.**

Joe Hand has not pled Counts I and II with sufficient detail to give Defendants fair notice of what the claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Paragraph 7 of the Complaint, which is the only paragraph in the Complaint focused solely on Mr. Wiles, is based upon what Joe Hand "is informed and believes." (*Id.* ¶ 7.) In paragraph 12 of the Complaint—the who-did-what paragraph—Joe Hand does not (a) identify any used any agents, servants, workmen or employees, (b) identify to whom, if anyone, the Program was published, divulged, or exhibited, and (c) allege any facts about "direct or indirect commercial advantage or private gain." *See U.S. Bank Nat'l Ass'n v. Parker*, No. 4:09CV1755 HEA, 2010 U.S. Dist. LEXIS 68324, at *8

6

(E.D. Mo. July 9, 2010) ("Defendant should not be compelled to discern from Plaintiff's information and belief the meaning of direct and indirect solicitation on Plaintiff's information and belief; Defendant must be given sufficient notice of the basis for this claim; information and belief is simply too speculative to do so."). Moreover, in light of the fact that separate causes of action exist under Section 605 and Section 533 depending on the means used to unlawfully intercept cable transmissions and the time at which the interception occurs, *Norris*, 88 F.3d at 469, Joe Hand has failed to allege sufficient facts from which Defendants can ascertain what Joe Hand's claims are and the grounds upon which they rest and instead apparently attempted to recite elements of its causes of action. *See Henderson v. S&W Foreclosure Corp.*, No. 1:11CV169 HEA, 2012 U.S. Dist. LEXIS 2189, at **7-8 (E.D. Mo. Jan. 9, 2012) ("Plaintiff's Complaint is merely 'a formulaic recitation of the elements of a cause of action' which is not sufficient under Rule 12(b)(6)'" (citing *Twombly*, 550 U.S. at 555).). Counts I and II, therefore, should be dismissed.

  **D.**  **Count III should be dismissed as to both Defendants for failure to allege an essential element of a conversion claim and because the claim is for conversion of intangible property.**

"Under Missouri law, conversion occurs where there is an 'unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights.'" *Monarch Fire Prot. Dist. v. Freedom Consulting & Auditing Servs.*, 678 F.Supp.2d 927, 944 (E.D. Mo. 2009) (citing *Emerick v. Mutual Benefit Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. banc 1988)). A claim for conversion has the following three elements: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some

control over it; and (3) defendant thereby deprived plaintiff of the right to possession." *JEP Enters., Inc. v. Wehrenberg, Inc.*, 42 S.W.3d 773, 776 (Mo. Ct. App. E.D. 2001).

Joe Hand failed to state a claim for conversion. In Count I, Joe Hand alleges that

> [b]y contract, Plaintiff . . . paid for and was granted the exclusive nationwide television distribution rights to *Ultimate Fighting Championship 123: Rampage Jackson v. Lyoto Machida* telecast which took place on November 20, 2010, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

(Doc. 1 ¶ 9.) In Count III, Joe Hand merely incorporates by reference its prior allegations, then further alleges that

> [b]y its acts as aforesaid in intercepting, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendants, tortiously obtained possession of the Program and wrongfully converted it to its own use and benefit.

(*Id.* ¶ 23.)

Joe Hand fails to state a claim for conversion for at least two reasons. First, it does not, and cannot, allege that Defendants deprived it of possession of "the Program." *See Monarch Fire Protection Dist. v. Freedom Consulting & Auditing Servs.*, 678 F.Supp.2d 927, 944 (E.D. Mo. 2009) ("The overwhelming weight of authority holds that a copy of a document cannot be converted because the owner has not been deprived of possession."); *Riley v. L.J. Schuster Co.*, 844 S.W.2d 521, 523 (Mo. Ct. App. E.D. 1992) (no conversion claim where defendants obtained copies of plaintiff's order log and inventory report and left originals with plaintiff); *Schaefer v. Spence*, 813 S.W.2d 92, 97 (Mo. Ct. App. S.D. 1991) (noting that plaintiff retained information in finding that recipe is not subject to conversion under Missouri law).

Second, Defendants' research has revealed no Missouri cases extending the common law tort of conversion to cover intangible property. *Cf. Breece v. Jett,* 556 S.W.2d 696, 709 (Mo. Ct. App. 1977) ("[C]onversion does not lie for the appropriation of an idea."). Courts in various other jurisdictions, however, have rejected such claims. *See, e.g., Joe Hand Promotions, Inc. v. Demarco*, No. 11 CV 8569, 2012 U.S. Dist. LEXIS 120526, at *5 (N.D. Ill. Aug. 24, 2012) ("[R]ecent case law in this district has recognized that 'Illinois courts have not yet extended the tort of conversion to intangible property like television programming.'"); *Joe Hand Promotions, Inc., v. Abrell*, No. 1:10-cv-00450, 2012 U.S. Dist. LEXIS 88955, at *4 (S.D. Ind. June 27, 2012) ("Joe Hand's state law conversion claim is not viable."); *but see Joe Hand Promotions, Inc. v. Lenihan*, 2012 U.S. Dist. LEXIS 118135 (D. Mass. Aug. 21, 2012) (in default judgment posture, allowing conversion claim to stand, but awarding zero damages for such claim).

In the event this Court dismisses Counts I and II or simply prefers not to reach a novel Missouri state-law issue, Defendants request that this Court decline to exercise supplemental jurisdiction over the conversion claim. *See* 28 U.S.C. § 1367(c)(1), (3).

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint in its entirety and grant Defendants any additional relief deemed just or proper.

Respectfully submitted,

SCHULTZ & ASSOCIATES LLP


By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 21, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Vincent D. Vogler
Michael A. Kasperek
THE VOGLER LAW FIRM, P.C.
Two City Place Dr., Ste. 150
P.O. Box 419037
St. Louis, MO 63141-9037
314-567-7970
Fax: 314-567-5053
voglaw@earthlink.net
mkvoglaw@earthlink.net

*Attorneys for Plaintiff*

 /s/ Ronald J. Eisenberg