UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV2404 HEA |
| ) | |
| CUZZINS I, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss Plaintiff's Complaint, [Doc. No. 8], and Defendants' Motion to Strike Plaintiff's Prayer for Attorneys' Fees in Count III for Conversion and for Investigative Costs, [Doc. No. 10]. Plaintiff opposes the Motion to Dismiss, and partially opposes the Motion to Strike. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part. The Motion to Strike is granted in part and denied in part.

## Facts and Background[1]

Plaintiff was granted the exclusive nationwide commercial distribution rights to the *Ultimate Fighting Championship 123 : Rampage Jackson v. Lyoto*

---

[1] This recitation of facts is taken from the Complaint herein and is for the purposes of the motion to dismiss. It in no way relieves the parties of any necessary proof in later proceedings.

*Machida* telecast, which took place on November 20, 2010. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Plaintiff alleges that, without its authorization, Defendants unlawfully intercepted and exhibited the Program at their commercial establishment in Farmington, Missouri.

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and for failure to plead fraud with particularity.

## Discussion

**Motion to Dismiss**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490

U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In *J & J Sports Productions, Inc. v. Scarato*, 2008 WL 2065195, Judge Jean C. Hamilton found that allegations very similar to the allegations in Plaintiff's Complaint satisfy rule 12t(b)(6). The allegations in Judge Hamilton's case are delineated:

> In its Complaint, filed December 14, 2007, J & J alleges Defendants Scarato, individually and as an officer, director, shareholder and/or principal of the Taverna, and the Taverna: unlawfully received and published communications, in violation of 47 U.S.C. § 605(a) (Count I); modified or utilized equipment, knowing or having reason to know the equipment is primarily used for the unauthorized decryption of satellite cable programming or other prohibited activities, in violation of 47 U.S.C. § 605(e)(4) (Count II); and intercepted and exhibited the Program over a cable system without authorization, in violation of 47 U.S.C. § 553 (Count III). (Doc. No. 1, ¶¶ 14–36).

Based on this allegation, Judge Hamilton concluded that Plaintiff satisfied Rule 12(b)(6)'s requirements. This Court agrees with this conclusion. The Complaint clearly alleges Defendant Timothy D. Wiles, individually and as an officer, director, shareholder and/or principal of Cuzzins I, LLC, unlawfully received and published communications, in violation of 47 U.S.C. § 605(a) (Count I); intercepted and exhibited the Program over a cable system without authorization, in violation of 47 U.S.C. § 553 (Count II); and tortiously obtained possession of the Program and wrongfully converted it to Defendants' own use and benefit. (Count III). See also, *Joe Hand Promotions, Inc. v. Hubbards*, 2013 WL 2319354 (E.D MO 2013).

With respect to Defendant's challenge that Plaintiff does not allege an interstate transmission, the Court agrees with Judges Hamilton and Adelman that

> As in the related case before Judge Hamilton, the Court finds that Joe Hand's failure to plead that the Broadcast was transmitted interstate is fatal to Count I of the instant Complaint. See 47 U.S.C. § 605(a); Joe Hand Promotions, Inc. v. Sorota, No. 11–80985, 2012 WL 2414035, at *4 (S.D. Fla. June 26, 2012) ("Section 605(a) explicitly states that it governs only interstate communications and the Complaint fails to allege that the event took place in a different state from where is was shown.").

*Hubbards*, 2013 WL 2319354 at *3. Plaintiff has not alleged the interstate transmission, therefore, Count I will be dismissed with leave to amend.

**Motion to Strike**

Defendants argue Plaintiff's requests for attorney's fees in Count III and "investigative costs" in Counts I, II, and III should be stricken. Plaintiff does not oppose striking its request for attorney's fees in Count III but argues that "investigative costs" are recoverable under the statutory causes of action pled in Counts I and II. The Court finds investigative costs are appropriately recoverable under the statutory causes of action pled in Counts I and II. See *Kingvision Pay–Per–View Ltd. v. Autar*, 426 F.Supp.2d 59, 67 (E.D.N.Y.2006) (finding investigative costs included in "full costs" recoverable under The Federal Communications Act). Therefore, the Court dismisses Plaintiff's request for attorney's fees in Count III of Plaintiff's Complaint.

## Conclusion

Plaintiff's Complaint satisfies the requirements of Rules 12(b)(6) with respect to Counts II and III, but fails to allege interstate interception in Count I. Count I is dismissed with leave to amend. The Motion to Strike Attorneys' Fees in Count III is granted. The Motion to Strike the prayer for investigative costs is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss

Plaintiff's Complaint, [Doc. No. 8], is granted in part and denied in part. Count I is dismissed.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, [Doc. No. 10], Plaintiff's Prayer for Attorneys' Fees in Count III is granted and denied as to Plaintiff's prayer for investigative costs..

**IT IS FURTHER ORDERED** that Plaintiff is given 7 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 29th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE